IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Ricardo Stephon Sherard, #146882, ) | |
| ) | Civil Action No. 6:08-0609-HMH-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Cecilla Reynolds, Warden of Kershaw ) | |
| CI; and S.C. Dept. Of Probation, ) | |
| Parole, and Pardon Services, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## **FACTS PRESENTED**

The record reveals that the petitioner is currently incarcerated at the Kershaw Correctional Institution of the South Carolina Department of Corrections ("SCDC"). On September 5, 1987, the petitioner shot and killed Kendall Dion Driver with a .22 caliber pistol during an attempt to commit an armed robbery. He was arrested and charged with murder and armed robbery. He later was sentenced to a period of incarceration for the remainder of his natural life for murder and 20 years for armed robbery,[1] both sentences to be served concurrently.

---

[1] The petitioner completed his sentence for armed robbery on July 7, 2007.

At the time of these convictions, South Carolina law allowed any person receiving a life sentence for murder to be eligible for parole upon the service of 20 years. The petitioner initially became eligible for parole on September 12, 2007, and appeared before the Parole Board requesting a release on parole. Upon the conclusion of his hearing, the Parole Board granted conditional parole only if certain conditions were met. These conditions consisted of: (1) weekly reporting for a period of six months; (2) home detention for a period of three months; (3) must have acquired lawful employment; and, (4) must have been given a favorable psychological evaluation. The petitioner signed the document setting out the conditions of parole. The document stated that the psychological evaluation "must be reviewed by the Board prior to final decision." *See* petition, ex. A.

The petitioner was examined by Dr. Douglas R. Ritz, Ph.D. to evaluate his ability to adjust to society if released on parole. Upon conclusion of this examination, Dr. Ritz determined that the petitioner would not make a successful adjustment back into the community. On November 8, 2007, the petitioner was told by the institution's chaplain that his parole was rescinded due to an unfavorable psychological evaluation. On November 14, 2007, the petitioner spoke with the parole examiner, who informed him that he had an unfavorable psychological evaluation. She told the petitioner that she did not know the reason why it was unfavorable.

On November 16, 2007, the petitioner was notified by letter of the decision of the Parole Board that his conditional parole was rescinded due to: (1) Nature and seriousness of current offense; (2) Indication of violence in this or previous offense; (3) Use of deadly weapon in this or a previous offense. According to the letter sent to the petitioner, there is no appeal process for rescission of parole. *See* petition, ex. B.

Upon receiving this notice of denial, the petitioner filed the instant petition for writ of habeas corpus alleging that his parole was denied without the benefit of a hearing in violation of his Constitutional rights. He also contended that the reasons for the denial of

parole amount to "deliberate indifference and is arbitrary and capricious; causes unreasonable harm and hardship; and, in violation of the Fourteenth Amendment."

On May 5, 2008, the respondents filed a motion to dismiss. By order filed May 6, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on June 5, 2008.

## APPLICABLE LAW AND ANALYSIS

The respondents have moved for dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.1997).

Because there is no constitutional right, federal courts "recognize due process rights in an inmate only where the state has created a 'legitimate claim of entitlement' to some

3

aspect of parole." *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996) (citing *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir.1991)).

The South Carolina Code authorizes the Parole Board to establish written criteria for the granting of parole. The statute states in pertinent part:

> The board must carefully consider the record of the prisoner before, during and after imprisonment, and no such prisoner may be paroled until it appears to the satisfaction of the board: that the prisoner has shown a disposition to reform; that, in the future he will probably obey the law and lead a correct life; that by his conduct he has merited a lessening of the rigors of his imprisonment; that the interest of society will not be impaired thereby; and, that suitable employment has been secured for him. The board must establish written, specific criteria for the granting of parole and provisional parole. This criteria must reflect all of the aspects of this section and include a review of a prisoner's disciplinary and other records. The criteria must be made available to all prisoners at the time of their incarceration and the general public. The paroled prisoner must, as often as may be required, render a written report to the board giving that information as may be required by the board which must be confirmed by the person in whose employment the prisoner may be at the time. . . .

S.C. Code Ann. § 24-21-640. The South Carolina statute regarding eligibility for parole provides in pertinent part: "Notwithstanding any other provision of this section or of law, no prisoner who has served a total of ten consecutive years or more in prison may be paroled until the Board has first received a report as to his mental condition and his ability to adjust to life outside the prison from a duly qualified psychiatrist or psychologist." S.C. Code Ann. § 24-21-610.

The South Carolina Supreme Court has stated as follows:

> [I]n *Furtick v. S.C. Dept. of Probation, Parole and Pardon Services*, this Court held that the permanent denial of parole eligibility implicates a liberty interest sufficient to require at least minimal due process, and, therefore, review by the ALJD. 576 S.E.2d 146, 149 (S.C. 2003). In reaching this conclusion, the Court emphasized the finality of the Department's decision, and distinguished the final determination of parole eligibility from the temporary granting or denial of parole to an eligible inmate. *Id.* at n. 4. Although the Court found S.C. Code Ann. § 24-21-620

4

> created a liberty interest in the one-time determination of parole eligibility, it was quick to note that the statute did not create a liberty interest in parole. *Id.*

*Sullivan v. South Carolina Dept. of Corrections*, 586 S.E.2d 124, 127 (S.C. 2003) (parallel citations omitted).[2]

In *Cooper v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 661 S.E.2d 106 (S.C. 2008), the South Carolina Supreme Court addressed two parole claims raised by an inmate: an ex post facto claim and a due process claim. In that case, as here, the Parole Board rejected the inmate's parole for three reasons: (1) the nature and seriousness of the current offense; (2) an indication of violence in this or a previous offense; and (3) the use of a deadly weapon in this or a previous offense. The inmate in *Cooper* argued that each of these reasons "'are fixed as of the date of the offense and can never . . . be changed by the actions of [Cooper] while incarcerated.'" *Id.* at 111-12. The court rejected the ex post facto claim but remanded the due process claim to the Administrative Law Court ("ALC"), noting:

> "In simple terms, this means that an inmate has a right of review by the ALJD after a final decision that he is ineligible for parole, but that a parole-eligible inmate does not have the same right of review after a decision denying parole; the parole board is, however, required to review an inmate's case every twelve

---

[2]South Carolina Code Section 24-21-620 provides:

> Within the ninety-day period preceding a prisoner having served one-fourth of his sentence, the board, either acting in a three-member panel or meeting as a full board, shall review the case, regardless of whether or not any application has been made therefor, for the purpose of determining whether or not such prisoner is entitled to any of the benefits provided for in this chapter; provided, that in cases of prisoners in confinement due to convictions for nonviolent crimes, an administrative hearing officer may be appointed by the director to review the case who must submit to the full board written findings of fact and recommendations which shall be the basis for a determination by the board. Upon an affirmative determination, the prisoner must be granted a provisional parole or parole. Upon a negative determination, the prisoner's case shall be reviewed every twelve months thereafter for the purpose of such determination.

S.C. Code Ann. § 24-21-620.

5

> months after a negative parole determination. S.C. Code Ann. §
> 24-21-620 (Supp.2002). This distinction stems from the fact that
> parole is a privilege, not a right."

*Id.* at 111 (quoting *Sullivan v. S.C. Dep't of Corr.*, 586 S.E.2d 124, 124 n.4 (S.C. 2003)).

The court noted that while the inmate had no right to be paroled, he did "have a right to require the Board to adhere to statutory requirements in rendering a decision." *Id.* at 112. The court found:

> The Parole Board apparently only considered the nature of
> Cooper's crime when it rejected his request based on three
> limited reasons. Because the Parole Board neither offered an
> explanation nor indicated that it had considered the statutory
> criteria of section 24-21-640 and the fifteen criteria listed on the
> parole form, the order was defective. Therefore, we, as did the
> circuit court, can only conclude that the Parole Board's decision
> was arbitrary and capricious.

*Id.* at 112.

> Ultimately, the court held:
>
> Because Cooper is not appealing the denial of parole, but rather,
> is challenging the method and procedure employed by the
> Parole Board in reaching its decision, Cooper's claim raises a
> sufficient liberty interest to trigger due process requirements of
> judicial review. If a Parole Board fails to consider and apply the
> statutorily-created parole criteria, it has the effect of rendering an
> inmate parole ineligible, which under *Furtick* warrants review by
> the ALC. In the instant case, the Parole Board apparently failed
> to consider the requisite factors and, instead, based its decision
> on certain fixed factors that are unaffected by any rehabilitation
> efforts on the part of Cooper.

*Id.* at 113.[3]

The petitioner in the instant case was told by two people that he was denied parole because of his psychological evaluation. However, the written decision of the Parole Board sent to the petitioner lists the same three reasons as those at issue in *Cooper.*

---

[3]In *Slezak v. Glover*, No. 4:06-1122-RBH, 2008 WL 4308144 (D.S.C. Sept. 15, 2008), the Honorable R. Bryan Harwell, United States District Judge, considered a complaint by a state prisoner under 42 U.S.C. § 1983 alleging a violation of his constitutional rights in connection with the denial of his request for parole. Judge Harwell found the *Cooper* case to be inapplicable because the plaintiff in *Slezak* did not make the same allegations or seek the same relief as the plaintiff in *Cooper. Id.* at *9.

6

Further, as in *Cooper*, the petitioner was not *permanently* denied parole eligibility. However, the South Carolina Supreme Court held this fact not dispositive of the issue as the petitioner in *Cooper*, like the petitioner in this case, challenged the method and procedure employed by the Parole Board in reaching its decision and the Board's failure to utilize the procedure in Section 24-21-640 and the criteria established under that statute. "If a Parole Board deviates from or renders its decision without consideration of the appropriate criteria, . . . it essentially abrogates an inmate's right to parole eligibility and, thus, infringes on a state-created liberty interest." *Id.* at 111. Under *Cooper*, such an appeal is appropriate for disposition under the Administrative Procedures Act and should be reviewed by the ALC. *Id.* at 111.

"[T]he law plainly requires that the [p]etitioner exhaust his remedies before bringing a § 2241 action." *Tillman v. S.C. Dep't. of Prob., Parole, & Pardon Servs.*, No. 2:06-0896, 2007 WL 840369, at *7 (D.S.C. 2007) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."); *see* 28 U.S.C. § 2254(b). As discussed above, under *Cooper*, the ALC has jurisdiction to hear the petitioner's appeal. Should the petitioner receive an unfavorable decision, it can be appealed through the state courts. *Tillman*, 2007 WL 840369, at *7. The State has not expressly waived the exhaustion requirement. *See id.* at *6 n.2.

Wherefore, based upon the foregoing, this court recommends that the respondents' motion to dismiss for failure to state a claim (doc. 11) be declared moot and this matter be dismissed without prejudice as an unexhausted petition.

January 27, 2009                                    s/William M. Catoe
Greenville, South Carolina                          United States Magistrate Judge

7